In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00323-CR
NO. 09-17-00324-CR
NO. 09-17-00325-CR

_____

**ROY LEE ANDERSON III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 07-02292, 13-17025, 13-17026**

**MEMORANDUM OPINION**

Pursuant to plea bargain agreements, Roy Lee Anderson III pleaded guilty to aggravated assault with a deadly weapon, possession of a controlled substance (cocaine) with intent to deliver, and possession of a controlled substance (codeine) with intent to deliver. In each case, the trial court found the evidence sufficient to find Anderson guilty, but deferred further proceedings and placed Anderson on community supervision for ten years. The State subsequently filed motions to revoke

Anderson's unadjudicated community supervision. In all three cases, Anderson pleaded "true" to two violations of the conditions of his community supervision. In each case, the trial court found that Anderson had violated the conditions of his community supervision and found Anderson guilty. The trial court orally pronounced a sentence of seven years of confinement in the aggravated assault case, eight years of confinement in the case involving cocaine, and seven years of confinement in the case involving codeine.

Anderson's appellate counsel filed *Anders* briefs that present counsel's professional evaluation of the records and conclude that the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 29, 2018, we granted an extension of time for Anderson to file *pro se* briefs. We received no response from Anderson. We have reviewed the appellate records, and we agree with counsel's conclusion that no arguable issues support the appeals. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

In the aggravated assault with a deadly weapon case, appeal number 09-17-00323-CR, trial cause number 07-02292, we noted that the judgment incorrectly reflects that Anderson was sentenced to a term of eight years of confinement, but the

2

trial court's oral pronouncement stated that Anderson was sentenced to seven years. This Court informed the parties by letter and inquired whether the parties agree that reformation of the judgment in that cause was necessary, and the parties informed the Court that the parties so agree. Anderson's counsel filed an agreed motion to reform the judgment in trial cause number 07-02292. This Court has the authority to reform the trial court's judgment to correct a clerical error. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *see also* Tex. R. App. P. 43.2(b). We therefore reform the trial court's judgment in trial cause number 07-02292 to read that Anderson was sentenced to seven years of confinement. We affirm the trial court's judgment in trial cause number 07-02292 as reformed, and we affirm the trial court's judgments in trial cause numbers 13-17025 and 13-17026.[1]

AFFIRMED AS REFORMED; AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 15, 2018
Opinion Delivered June 13, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1]Anderson may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3